UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL MATURINO RESENDIZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 05-1604 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

## ORDER

On September 7, 2005, this court entered an order denying Angel Maturino Resendiz's federal petition for a writ of habeas corpus. (Docket Entry No. 5). The time for Resendiz to file a notice of appeal passed without any filing. On November 15, 2005, Resendiz filed a notice of appeal (Docket Entry No. 6) and a motion to reopen the time to appeal (Docket Entry No. 7). The General Consulate of Mexico has submitted a letter encouraging this court to allow Resendiz's appeal to proceed as if timely filed. (Docket Entry No. 7). The Federal Rules of Appellate Procedure, however, do not permit Resendiz's appeal to proceed.

"It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61 (1982) (quoting *Browder v. Director, Illinois Dept. of Corrections*, 434 U.S. 257, 264 (1978)). A habeas petitioner must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." F.R.App.P. 4(a)(1)(A). Resendiz's notice of appeal falls well

outside the period to file a valid notice of appeal.[1]

Rule 4 of the Federal Rules of Appellate Procedure provides two means by which a district court can alter the appellate timetable. A district court can extend the time to file a notice of appeal under F.R.APP.P. 4(a)(5), provided that the party seeks such relief within sixty days from the judgment's entry. Resendiz failed to act diligently enough to benefit from Rule 4(a)(5)'s showing of "excusable neglect or good cause." F.R.APP.P. 4(a)(5)(A)(ii). "[O]nly section 6's *reopening* lifeline remains a possibility for rescuing [Resendiz's] late-filed [notice of appeal]." *Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir.), *cert. denied*, 533 U.S. 956 (2001).

Rule 4(a)(6) provides:

(6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the

---

[1] "[U]nder the usual rule, the district court loses all jurisdiction over matters brought to [the circuit court] upon the filing of the notice of appeal." *Winchester v. U.S. Attorney for Southern Dist. of Texas*, 68 F.3d 947, 948 (5th Cir. 1995). Nevertheless, "[a] notice of appeal that is deficient because it is untimely or because it lacks the essential recitals does not transfer jurisdiction to the circuit court." 20 James Wm. Moore *et al.*, MOORE'S FEDERAL PRACTICE, § 303.32(2)(b)(iv)(A) (3rd ed. 2003); *see also United States v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) ("The filing of a *timely* and *sufficient* notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals.") (emphasis added); *cf. Travelers Ins. Co. v. Liljeberg Enterprises, Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994) (noting that, even when the circuit court has jurisdiction over an appeal, the district court can "take action in aid of the appeal until the case is remanded to it by the appellate court"). This Court decides the merits of Resendiz's motion without seeking Respondent's input because "[a] party cannot waive a defect in appellate jurisdiction; neither can jurisdiction be created by mutual consent of the parties." *Wilkens v. Johnson*, 238 F.3d 328, 330 (5th Cir.), *cert. denied*, 533 U.S. 956 (2001).

>entry, whichever is earlier;
>
>(B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
>(C) the court finds that no party would be prejudiced.

F.R.APP.P. 4(a)(6); *see also* 28 U.S.C. § 2107(c) ("[T]he district court may, upon motion filed within 180 days after entry of the judgment or order or within 7 days after receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."). The "gatekeeper provision of section (6) . . . specifies that only a party who (1) was entitled to notice of entry of judgment, but (2) did not receive notice from either (a) the district court or (b) any party (3) within 21 days after entry of judgment, is eligible to file a motion to reopen." *Wilkens*, 238 F.3d at 331 (footnote omitted).[2]

Resendiz claims that he falls within Rule 4(a)(6)'s failure-to-receive-notice provision. Resendiz's federal attorney, Leslie Michael Ribnik, filed an affidavit outlining the factual basis for his request to reopen the appellate filing period. Ribnik admits that he received a copy of this court's order denying habeas relief shortly after its entry. Ribnik, however, did

---

[2] Even when a petitioner meets the technical requirements of Rule 4(a)(6), a district court has discretion to refuse reopening the appellate time period. *See Arai v. American Bryce Ranches Inc.*, 316 F.3d 1066, 1069 (9th Cir. 2003) ("[T]he district court has the discretion to deny a Rule 4(a)(6) motion even when the rule's requirements are met."); *In re Jones*, 970 F.2d 36, 39 (5th Cir. 1992) ("[T]he rule does not require the district court to grant the relief, even if the requirements are met."). A district court, however, cannot deny an otherwise-compliant Rule 4(a)(6) motion only because the appeal lacks merit. *See Arai*, 316 F.3d at 1071-72.

3

not inform Resendiz of the adverse action. Because he "was working on several other urgent matters at the time, [he] set the order aside." Ribnik did nothing until the Mexican consulate contacted him on November 1, 2005, and questioned him about the denial of relief. Ribnik then waited until November 10, 2005, to visit Resendiz in prison and inform him of the denial.[3] According to Ribnik, "[t]his was the first time that [Resendiz] had received notice of the Court's decision." Resendiz apparently told Ribnik that he wishes to appeal the adverse judgment. Ribnik argues that:

> Because Mr. Maturino Resendiz was not previously notified that his appeal had been denied by this Court, it was impossible for him to make a more timely decision whether to appeal his case or not. It was not his decision to fail to file a Notice of Appeal, and this failure to act should not be imputed to him in any way. I alone am responsible for this failure to file the notice of appeal without justification. . . . I do not wish my actions in this case to affect in any way Mr. Maturino Resendiz's ability to appeal the denial of habeas corpus relief.

(Docket Entry No. 7, Affidavit of Leslie Ribnik, dated November 14, 2005). The Mexican Consulate's letter confirms Ribnik's account of why Resendiz failed to file a timely appeal. (Docket Entry No. 8).

Resendiz argues that Rule 4(a)(6) allows this court to reopen his time to appeal because the undisputed notice to Ribnik cannot be considered notice to his client in these circumstances: "Although counsel's appointment had not been terminated, his complete failure to engage in any contact with the client – even to notify him of the denial of his

---

[3] Had Ribnik acted promptly when contacted by the Mexican Consulate, he could have filed a motion for extension of time under Rule 4(a)(5)(A), which provides places greater discretion to allow an out-of-time appeal.

4

habeas petition and his rights to appeal – indicates an effective abandonment of his legal representation of Mr. Maturino Resendiz." (Docket Entry No. 7 at 8). Resendiz essentially argues that his counsel's constructive abandonment should place him within Rule 4(a)(6)'s lack-of-notice provisions.[4]

Nothing in Rule 4(a)(6) specifies "who other than the moving party is authorized to receive the notice (counsel for moving party, responsible party in home or office, etc.)." *Wilkens*, 238 F.3d at 332. Resendiz points to no circuit authority showing that the notice provision of Rule 4(a)(6) depends on a client's *actual* knowledge of an adverse judgment. *See Marcangelo v. Boardwalk Regency*, 47 F.3d 88, 89 (3rd Cir. 1995) (refusing to grant relief under Rule 4(a)(6) when counsel failed to inform his client of an adverse judgment that he wished to appeal). The Federal Rules assume that notice to counsel serves as notice to the client. *See* FED.R.CIV.P. 5(b) ("[W]henever . . . service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney."); *see also Ryan v. First Unum Life Ins. Co.*, 174 F.3d 302, 305 (2d Cir. 1999) ("[W]here the would-be appellant is represented by counsel, notice will only be effective when served upon the attorney."); *Avolio v. County of Suffolk*, 29 F.3d 50, 53 (2d Cir. 1994) ("Since plaintiffs were then represented by counsel, the notice of entry had to be received by counsel, not the

---

[4] Resendiz's motion asks, in the alternative, that this court extend his time to appeal under FED.R.CIV.P. 60(b)(6), though he does not support that argument with legal authority. "[A] Rule 60(b) motion is not a substitute for a timely appeal." *Dunn v. Cockrell*, 302 F.3d 491, 493 (5th Cir. 2002), *cert. denied*, 537 U.S. 1181 (2003). Rule 60(b)(6) provides no authority for this court to authorize an out-of-time appeal. *See id.*

party."). "[T]he defendant is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." *New York v. Hill*, 528 U.S. 110, 115 (2000) (quotation omitted). The Fifth Circuit holds that the receipt of notice by counsel opens the seven-day time requirement for filing a motion under Rule 4(a)(6). *See Wilkens*, 238 F.3d at 332 ("Any written notice of entry received by the potential appellant or his counsel (or conceivably by some other person) regardless of how or by whom sent, is sufficient to open subpart (A)'s seven-day window.").

Resendiz presents no circuit authority adopting his constructive-denial-of-counsel argument. One difficulty with Resendiz's constructive-abandonment argument is that it remains unclear when Ribnik stopped acting as counsel. Resendiz's argument leaves unanswered whether Ribnik constructively abandoned Resendiz as a client before the entry of judgment, during the period when he could have filed a valid notice of appeal, or sometime thereafter. Yet even now, Resendiz does not ask this court to remove Ribnik from representing him on appeal. Evidence of lackluster representation does not equate to abandonment.

There are good reasons to presume the sufficiency of notice to counsel as providing notice to the client. Accepting Resendiz's argument "would render the practice of notification through counsel a meaningless exercise." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93 (1990). An appeal would only be timely once a court assured not only that an attorney received notice, but that he sought his client's best interests and communicated the notice to his client. The federal rules make no provision for that ungainly requirement.

However poor Ribnik's choice may have been not to file a timely notice of appeal, this court must impute that decision to his client. Resendiz fails show entitlement to the reopening of his appeal under Rule 4(a)(6).

Ribnik's unilateral actions deprived his client of appellate review. Nonetheless, there is not basis for equitable tolling of the appellate deadlines. *See Oja v. Dep't of Army*, 405 F.3d 1349, 1358 (Fed. Cir. 2005) (finding that Rule 4(a) is "not subject to equitable tolling"); *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000) ("[N]othing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons."); *United States ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) ("[T]he district court has no equitable powers to alter appellate timelines[.]"), *cert. denied*, 535 U.S. 929 (2002). Federal law provides no relief for a petitioner who, like Resendiz, received ineffective assistance of counsel during a federal habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

This court denies Resendiz's motion to reopen his time to file an appeal. At least one court holds that a petitioner must receive a Certificate of Appealability ("COA") to challenge the denial of a Rule 4(a)(6) motion in the circuit court. *See Eltayib v. Untied States*, 294 F.3d 397, 400 (2d Cir. 2002), *cert. denied*, 538 U.S. 1050 (2003). The Fifth Circuit has not yet addressed that issue. To the extent Resendiz would need a COA to seek

appellate review of this Order, the court finds that he does not meet the standards found in 28 U.S.C. § 2253(c). Particularly, Resendiz has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack v. Daniel*, 529 U.S. 473, 484 (2000). The federal habeas petition raised only one claim on Resendiz's behalf, a claim without any reasonable merit or change of success on appeal even if Resendiz had done so timely.

      SIGNED on November 22, 2005, at Houston, Texas.

                                            Lee H. Rosenthal
                                    United States District Judge