UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGEL MATURINO RESENDIZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL CASE NO. 05-1604 |
| | § | |
| DOUGLAS DRETKE, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**ORDER**

On September 7, 2005, this court denied Angel Maturino Resendiz's ("Resendiz") federal petition for a writ of habeas corpus. On June 7, 2006, the Fifth Circuit dismissed Resdeniz's appeal for lack of jurisdiction. *See Resendiz v. Dretke*, ___ F. 3d ___, No. 05-70058, 2006 WL 1545478 (5th Cir. June 7, 2006). Resendiz has not yet sought *certiorari* review in the Supreme Court. Resendiz has now filed a motion to stay his execution scheduled for June 28, 2006, so that he can prepare and file a petition for *certiorari*. This court has no jurisdiction to grant the motion.

Under federal law,

> [a] justice or judge of the United States *before whom a habeas corpus proceeding is pending*, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

28 U.S.C. § 2251 (emphasis added).  No federal habeas petition is *pending* before this court. *See Howard v. Dretke*, 157 Fed. App'x. 667, 671 (5th Cir. Oct. 6, 2005) (finding that a district court lacks jurisdiction to stay an execution for the purpose of seeking certiorari review); *Williams v. Cain*, 143 F.3d 949, 950 (5th Cir.) ("When a petitioner seeks a stay of execution pending the disposition of a writ of certiorari in the United States Supreme Court, he should seek that stay in the Supreme Court itself.  The district court lacks the ability to give it under 28 U.S.C. § 2251[.]"), *cert. denied*, 524 U.S. 934 (1998); *Teague v. Johnson*, 151 F.3d 291, 291 (5th Cir.) ("[O]nce the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under § 2251.  In this situation, if a petitioner desires a stay of execution pending disposition of a writ of certiorari in the United States Supreme Court, he simply must seek that stay in the Supreme Court itself."), *cert. denied*, 524 U.S. 976 (1998).

In *Howard*, the Fifth Circuit concluded that it lacked jurisdiction to enter a stay of execution once the mandate had issued.  157 Fed. Appx. 667, 2005 WL 2473590 at *4.  The filing of a notice of appeal similarly deprives this court of jurisdiction.  *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal.") (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, (1982) (per curiam)).  This court is without jurisdiction to consider Resendiz's stay request.

Resendiz's motion for a stay is denied.

SIGNED on June 23, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge